**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MONIQUE HARMON | CIVIL ACTION NO. 25-0489 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| HANSEN ADKINS AUTO TRANSPORT, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

This case began with a car accident. And with trial approaching, Hansen Adkins Auto Transport, Inc. and Quadris Jones (collectively, "defendants") have filed an omnibus motion in limine asking to exclude eleven categories of evidence. Record Document 29. The plaintiff, Monique Harmon ("Harmon"), has conceded all but five. *See* Record Document 31 at 1. The Court grants the undisputed motions and addresses each disputed category below. To start, though, the Court admonishes counsel for Harmon who did not provide a single pinpoint citation to support his arguments. Instead, he made bare conclusions without giving any legal authority or evidence. Going forward, counsel must provide pinpoint citations to both evidence and law, or otherwise, the Court will disregard his arguments.

### 1.    Future medical treatment and expenses

The defendants ask to exclude all testimony and evidence, including a "life care plan," about Harmon's future medical treatment and expenses. Record Document 29. According to the defendants, the evidence should be excluded because Harmon did

1

not provide a sufficient disclosure of her non-retained expert's anticipated testimony. *Id.* at 5.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose expert testimony during discovery and distinguishes between expert witnesses who must provide a written report and expert witnesses who are not required to provide a written report. Fed. R. Civ. P. 26(a)(2). Treating physicians are typically subject to the "less stringent disclosure regime than their retained counterparts." *Causey v. State Farm Mut. Auto. Ins. Co.*, No. 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018). For non-retained experts, like treating physicians, Rule 26(a)(2)(C) requires that the party disclose "the subject matter on which the witness is expected to present evidence[,]" and "a summary of the facts and opinion to which the witness is expected to testify."

In this case, Harmon provided Rule 26(a)(2)(C) disclosures and identified Dr. James Rabalais ("Dr. Rabalais") as a non-retained expert who would testify based on "personal knowledge acquired during the course of [his] treatment of [Harmon.]" Record Document 29-3 at 2. The defendants have argued that Dr. Rabalais's disclosure did not provide enough detail about his testimony on future medical treatment. *See* Record Document 29-1 at 3. According to the defendants, Dr. Rabalais's disclosure said nothing more than "[f]uture medical treatment expenses are anticipated." *Id.* at 2.

After reviewing Harmon's disclosure for Dr. Rabalais, though, the Court finds that she has satisfied her obligations. Although the disclosure included a conclusory

statement that Dr. Rabalais anticipated future medical treatment, that statement had been preceded by a lengthy narrative of Dr. Rabalais's treatment of Harmon and her responsiveness to those treatments. *See, e.g.*, Record Document 29-3 at 3-5.

Among other things, Dr. Rabalais described how he treated Harmon through multiple "cervical medial branch blocks" and her pain relief only "lasted three days" after each procedure. *Id.* at 4. The disclosure also stated that Dr. Rabalais treated Harmon less than a month before the disclosure, and she continued to experience "right-sided cervical pain that refers to her right shoulder." *Id.* This fulsome narrative both disclosed the subject matter of Dr. Rabalais's testimony and provided a summary of the facts and opinions Dr. Rabalais would offer. [1] Therefore, Harmon satisfied the requirements of Rule 26(a)(2)(C), and the motion is denied.

### 2.    Future physical therapy and radiofrequency ablation

In the alternative, the defendants ask to exclude evidence and testimony related to Harmon's need for physical therapy and radiofrequency ablation treatment. Record Document 29-1 at 5. In his life care plan, Dr. Rabalais detailed that Harmon would need future physical therapy and radiofrequency ablation. Record Document 29-6 at 2-3.

The defendants argue that testimony about future physical therapy should be excluded because Harmon said in her deposition that she stopped such treatments

---

[1] To the extent that the defendants have argued that the life care plan amounted to an untimely supplement, the argument is unavailing. The scheduling order required the parties to furnish expert reports no later than April 20, 2026, Record Document 17, which the parties extended on their own until April 27, 2026. Record Document 29-1 at 3. The defendants received Dr. Rabalais's life care plan on April 27, 2026 as an attachment to the report of a different expert witness. *Id.* Accordingly, even if construed as a supplemental disclosure, the life care plan was not untimely.

and did not need them. Record Document 29-1 at 6. Similarly, the defendants argue that testimony about future radiofrequency ablation should be excluded because Dr. Rabalais said in his deposition that Harmon could "potentially" need such treatments, and it was "impossible [him] to speculate in the future how many." *Id.*

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996).

Here, the deposition testimony that the defendants identify goes to the factual basis for Dr. Rabalais's opinions. Harmon's admission that she does not need physical therapy, for instance, would undermine his conclusion that she will require such treatment. But it does not render his opinion so unreliable that exclusion is warranted. The defendants' remedy is cross-examination. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The motion is denied.

### 3.    Testimony exceeding summary disclosure

The defendants ask to prohibit Harmon's expert witnesses from giving testimony "outside the scope of [their] respective disclosure[s]." Record Document 29-1 at 7. "The purpose of the expert disclosure requirements is to allow both sides to prepare their cases adequately and efficiently, to prepare for effective cross-

examination, to arrange for testimony from other experts if necessary, and to prevent the tactic of surprise from affecting the outcome of the case." *Bradley v. Mountain Lake Risk*, No. 19-56, 2022 WL 3011146, at *3 (W.D. La. July 29, 2022) (collecting cases).

Here, the defendants seek to categorically exclude testimony and have not identified any specific testimony that Harmon's expert witnesses will offer that goes beyond the scope of their summary disclosures. *See generally* Record Document 29-1 at 7. The Court does not exclude broad categories of evidence through a motion in limine. *See, e.g., Luv n' care v. Laurain*, No. 16-777, 2021 WL 3440623, at *6 (W.D. La. Aug. 5, 2021) (stating "[t]he purpose of motions in limine is to identify specific issues which are likely to arise at trial" and holding "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."). And even if it did, Rule 26 "does not limit an expert's testimony simply to reading his report. The rule contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *Harris v. United States*, No. 17-1443, 2022 WL 16824894, at *2 (W.D. La. Nov. 8, 2022). The motion is denied.

### 4. Golden Rule and Conscience of the Community

The defendants moved to exclude the "golden rule" and "conscience of the community" arguments. Record Document 29-1 at 10-11. A golden rule argument tells the jury to "place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th

Cir. 2011). Meanwhile, a conscience of the community argument "references to a community standard or expectation which would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985).

First, a golden rule argument *is* permissible on the question of liability, *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983), but *is not* permissible on the issue of damages, *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005). Here, the defendants have stipulated to liability and fault for the vehicle accident that prompted this lawsuit. Record Document 27. Damages is the sole question for trial, and a golden rule argument is barred for precisely that issue. Therefore, the motion is granted.

Second, as for conscience of the community, the United States Court of Appeals for the Fifth Circuit has held that such arguments "serve no purpose and carry the potential of substantial injustice when invoked against outsiders." *Westbrook*, 754 F.2d at 1238. Accordingly, the motion is granted, and Harmon may not raise a "conscience of the community" argument.

### 5.    Trial references to the motion in limine

The defendants also seek a sweeping prohibition against "all questions statements, references, and arguments to this Motion in Limine and/or Strike and any and all matters raised in this Motion in Limine and/or Strike." Record Document 29-1 at 14. That request fails for two reasons. It would exclude broad categories of evidence in a single stroke, which is an improper use of a motion in limine. *Luv n'*

*care*, 2021 WL 3440623, at *6. Also, the Court has already resolved the substance of the defendants' requests, making such a declaration unnecessary and duplicative. The motion is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE